IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HOUSTON, ) | |
| AIS #263031 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 2:18-CV-872-MHT-CSC |
| ) | |
| CARTER DAVENPORT, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Kenneth Houston, currently confined in the Donaldson Correctional Facility, filed the instant pro se action under 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights while confined in the Bullock Correctional Facility ("BCF"). Doc. 10. Plaintiff brings suit against Defendants Carter Davenport, Lyn Head, and Eddie Cook for their alleged actions in connection with a disciplinary lodged against him on August 10, 2015, and a subsequent denial of parole on January 24, 2017. Docs. 10, 16. Plaintiff seeks injunctive relief in the form of: (1) expunging his disciplinary for "homicide"; and (2) a new parole hearing where the murder offense incident is not considered. Doc. 10 at 4.

This recommendation solely relates to Plaintiff's allegations against retired Warden Davenport, and Defendant Davenport's subsequent motion for summary judgment. Doc. 30.

Pursuant to the Court's orders, Defendant Davenport filed an answer, special report, supplemental special report, and supporting evidentiary material addressing Plaintiff's claims for relief. Docs. 30, 52. The Court informed Plaintiff that Defendant Davenport's special report, as supplemented, may, at any time, be treated as a motion for summary judgment, and the Court explained to Plaintiff the proper manner to respond to a motion for summary judgment. Doc. 37. Plaintiff filed his response to Defendant Davenport's special report and his supplemental special report. Docs. 32, 39, 54. This case is now pending on Defendant Davenport's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Defendant Davenport's motion for summary judgment is due to be GRANTED.

1

**I. Standard**

To survive the properly supported motion for summary judgment submitted by Defendant Davenport, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to establish that there is a genuine issue as to a material fact to preclude summary judgment.

**II. Factual Background**

By way of overview, Plaintiff challenges the constitutionality of a disciplinary lodged against him on August 10, 2015, for homicide during his confinement in the BCF. *See* Docs. 10, 16; *see also* Doc. 52-2 at 1. While a two-year statute of limitations bars Plaintiff's untimely claim, Plaintiff asserts he is entitled to equitable tolling.

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff:

The disciplinary hearing for the relevant offense was conducted on August 12, 2015. Doc. 52-2 at 1. Upon conclusion of this hearing and after reviewing all evidence presented, the disciplinary hearing officer found Plaintiff guilty of the charged offense, and on August 13, 2015,

Defendant Davenport approved the disciplinary. *Id.*[1] Defendant Davenport retired from the Alabama Department of Corrections on June 1, 2016. Doc. 30 at 1.

Relevant here, on October 11, 2018, this Court entered an order requiring Plaintiff to file an amended complaint advising him that:

> With respect to the claims challenging the constitutionality of the disciplinary imposed upon him in August of 2015, it is clear that these claims are barred by the two-year period of limitations which governs 42 U.S.C. § 1983 claims.
>
> All constitutional claims brought under are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).
>
> Insofar as the complaint can be construed to challenge the constitutionality of the denial of parole on January 24, 2017, the court deems it appropriate to allow the plaintiff to file an amended complaint.

Doc. 11 at 2 (citing Doc. 8 at 2).

On October 26, 2018, Plaintiff filed a response and amended complaint. Docs. 9, 10. In his response, Plaintiff questioned the Court's determination that his claims challenging the disciplinary issued against him in August of 2015 were barred by the applicable two-year period of limitations. *Id*. at 2-3. While the Court denied the bulk of Plaintiff's arguments, the Court directed Defendant Davenport to respond to Plaintiff's allegation asserting entitlement to equitable tolling because he lacked access to the Court. Doc. 11 at 6.

Additional facts are set forth as necessary.

**III. Discussion**

Previously, this Court determined Plaintiff filed his complaint on September 2, 2018. Doc. 11. The Court also determined, absent equitable tolling, his 2015 claims are barred by the two-

---

[1] Plaintiff also challenges the decision to deny him parole issued by parole board members Defendants Head and Cook on January 24, 2017. The Court addresses Plaintiff's claims against Defendants Head and Cook in a separate Order.

year period of limitations which governs 42 U.S.C. § 1983 claims. Doc. 8 at 2.

Plaintiff asserts however, his 2015 claims are entitled to equitable tolling because he lacked access to the Court while placed in administrative segregation following his disciplinary hearing. Doc. 39. Specifically, Plaintiff asserts:

> [T]hat he served about 30-months in segregation and was prevented from obtaining access to someone trained in the law to help him at the prison he was segregated in for so long
>
> . . . .
>
> Plaintiff contends that Dept of Corrections has, over the last 5-years, slowly 'grazed-out' of using 'Law <u>Books</u>' and has 'upgraded' to using <u>computer</u>-aided legal research engines; namely: Lexis Nexus & West Law. Plaintiff avers that Seg. Inmates in Alabama are not permitted access to these computers under any circumstances; <u>unless you are a death row inmate</u>. . . .

Doc. 9 at 2-3 (emphasis in original). Although Plaintiff does not appear to assert that he was wholly deprived of legal materials while serving approximately 33 months in administrative segregation, he contends, because he was not "also afforded" someone trained in the law, he was denied access to the Court. Doc. 39 at 1.

Plaintiff admits that while prison policy requires "legal materials be provided upon request," there is nothing said as to the provision of a "law clerk or legal assistant." *Id*. at 9; *see also* Doc. 39-6 at 6. "Plaintiff avers that the mere 'delivery of materials' to a segregation inmate - - by a 'Seg. Commander' - - without showing that said Commander was 'trained in the law' to the point that he could offer sound legal advice to a Seg. Inmate, runs afoul. . . .'" to legal precedent. Doc. 39 at 9-10. Plaintiff maintains, because he lacked access to inmates with more experience and knowledge in the law, he did not know "that there was such a thing as 'statute of limitations' for filing the § 1983 action and what that time frame was. . . ." Doc. 39 at 10. Plaintiff asserts, "assuming arguendo that Defendants did make legal materials available to Plaintiff ---without affording him assistance from someone trained in the law,…the access to 'materials' is meaningless!" *Id*. Consequently, at the core of Plaintiff's equitable tolling argument is that, because "inmates were not available to him in segregation at Bullock Prison…he did not file this civil action in a timely fashion." *Id*. at 11.

Defendant Davenport argues, *inter alia*, Plaintiff is not entitled to equitable tolling, Plaintiff lacks standing to assert this claim, and Plaintiff has no claim under § 1983 for a challenge to the

disciplinary action taken.  *See generally*, Doc. 30.

### *Plaintiff is not entitled to equitable tolling*

"The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing *Justice v. United States,* 6 F.3d 1474, 1475 (11th Cir.1993) ("The doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust.")). "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Id*. (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added in original and internal quotations omitted).  It is the Plaintiff's burden to show "that such extraordinary circumstances exist." *Id*. (quoting *Justice,* 6 F.3d at 1479) (internal quotations omitted). "In determining whether a plaintiff meets this burden, we must keep in mind that '[equitable] tolling is an extraordinary remedy which should be extended only sparingly.'" *Id*. (quoting *Justice*, 6 F.3d at 1479) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries *or* adequate assistance from persons trained in the law."  430 U.S. at 828 (emphasis added).  Subsequently, in *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified that prisoners' contentions of denial of access to courts must show actual injury as a "constitutional prerequisite." 518 U.S. at 349-51.  Under *Lewis*, an actual injury is established by a prisoner showing that a direct appeal of his conviction and sentence, a habeas petition, or a civil rights action vindicating a basic constitutional right was frustrated or impeded and that this action was nonfrivolous. *Id*. at 353-55; *see Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

The Supreme Court in *Lewis* explained that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825).  The *Lewis* Court observed that *Bounds* recognized that

5

the availability of a prison law library was only one way to ensure meaningful access to the courts. *Id*. The *Lewis* Court also admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[ ] the limits on [its] role,' by 'not . . . thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.'" *Lewis*, 518 U.S. at 363 (quoting *Bounds*, 430 U.S. at 832-33).

"Because *Bounds* did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Rather, to establish actual injury an inmate must demonstrate that his efforts to pursue a direct appeal of his conviction, a habeas petition, or a civil rights action vindicating a basic constitutional right were frustrated or impeded by an actual deficiency in the library or in a legal assistance program or by an official's action and that his action was not frivolous. 518 U.S at 353-55; *see Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006); *Bass v. Singletary*, 143 F.3d 1442, 1444-45 (11th Cir. 1998). An actual injury may be shown by establishing that a claim could not be presented to a court because an inmate was so stymied by the law library's inadequacies that the inmate could not prepare a complaint. *Lewis*, 518 U.S. at 351. The claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Here, Plaintiff asserts, because he lacked access to a legal assistant to aid him in preparing a civil complaint, he was deprived of the capability to pursue nonfrivolous claims before this or any other court. Plaintiff asserts he lacked the legal knowledge that his claim was subject to a two-year statute of limitations.

Initially, insofar as Plaintiff asserts his lack of legal knowledge entitles him to equitable tolling, "the law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period." *Rodriguez v. Freeman*, No. 519CV00165LSCSGC, 2019 WL 5641274, at *1 (N.D. Ala. Oct. 31, 2019) (citing *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and

6

ignorance of the law do not justify equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.")).

As to Plaintiff's argument that he lacked sufficient legal assistance while in segregation, it is undisputed that, while confined in administrative segregation at BCF (or in any Alabama Department of Corrections institution of confinement), pursuant to prison policy: "an inmate shall have access to legal reference material from the law library." Doc. 39-6 at 6. The evidence neither shows Plaintiff was deprived of legal materials, nor demonstrates that any named defendant inhibited Plaintiff's preparation of legal documents, filing of pleadings, or processing of any cause of action. Plaintiff has failed to come forward with any evidence that Defendant Davenport's actions about which he complains, deprived him of the capability of pursuing any nonfrivolous legal claims recognized under *Lewis*. In sum, Plaintiff has failed to establish extraordinary circumstances justifying equitable tolling on his 2015 claims.

In any event, the Court also notes, because Plaintiff only seeks injunctive relief in the form of expungement and a new parole hearing without reference to his 2015 disciplinary, and because Defendant Davenport no longer works for the Alabama Department of Corrections, his claims against Defendant Davenport are due to be dismissed. *See Angelo Bernard Banks v. Hughes-Terry*, No. 419CV00010MSHCDL, 2020 WL 11039044, at *2 (M.D. Ga. Mar. 3, 2020), *report and recommendation adopted sub nom. Banks v. Hughes-Terry*, No. 4:19-CV-10 (CDL), 2020 WL 11039045 (M.D. Ga. May 18, 2020) (citing *Allah v. Gramiak*, No. 5:13-cv-186-MTT, 2013 WL 3772508, at *1 (M.D. Ga. July 16, 2013) (dismissing claim for injunctive relief where defendant retired from prison); *Woods v. United States*, No. 1:14-cv-00713-MHH-JHE, 2015 WL 9947694, *2 n.3 (N.D. Ala. Dec. 11, 2015) (noting claim for injunctive relief was mooted by transfer of corrections officer and retirement of warden)).

In light of the foregoing, the Court concludes that Plaintiff's 2015 claims against Defendant Davenport, asserting deficiencies relating to his disciplinary hearing, should be deemed barred by

the applicable two-year statute of limitations. The Court further determines that Plaintiff's claims, solely seeking injunctive relief against Defendant Davenport should be dismissed as moot.

## IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment on behalf of Defendant Davenport (Doc. 30) be GRANTED.

It is further

ORDERED that on or before **December 16, 2021,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of December 2021.

/s/ Charles S. Coody
CHARLES S. COODY,
UNITED STATES MAGISTRATE JUDGE