IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HOUSTON, ) | |
| AIS #263031 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 2:18-CV-872-MHT-CSC |
| ) | |
| CARTER DAVENPORT, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Kenneth Houston, currently confined in the Donaldson Correctional Facility, filed the instant pro se action under 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights while confined in the Bullock Correctional Facility ("BCF"). Doc. 10. Plaintiff brings suit against Defendants Carter Davenport, Lyn Head, and Eddie Cook for their alleged actions in connection with a disciplinary lodged against him on August 10, 2015, and a subsequent denial of parole on January 24, 2017. Docs. 10, 16. Plaintiff seeks injunctive relief in the form of: (1) expunging his disciplinary for "homicide"; and (2) a new parole hearing where the murder offense incident is not considered. Doc. 10 at 4.

This recommendation solely relates to Plaintiff's allegations asserted against Defendants Chairman and former Associate Board Member Lyn Head and former Associate Board Member Eddie Cook ("Parole Defendants"), and Parole Defendants' subsequent motion for summary judgment.

Pursuant to the Court's orders, Parole Defendants filed an answer, special report, supplemental special report, responses, and supporting evidentiary material addressing Plaintiff's claims for relief. Docs. 26, 29, 34, 36. The Court informed Plaintiff that Parole Defendants' special report, as supplemented, may, at any time, be treated as a motion for summary judgment, and the Court explained to Plaintiff the proper manner to respond to a motion for summary judgment. Doc. 37. Plaintiff filed responses to Parole Defendants' special report and their supplemental special report. Docs. 32, 38, 40. This case is now pending on Parole Defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the Court concludes that Parole Defendant's motion for summary judgment is due to be GRANTED.

1

**I.  Standard**

To survive the properly supported motion for summary judgment submitted by Parole Defendants, Plaintiff must produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, the entry of summary judgment is proper. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to establish that there is a genuine issue as to a material fact to preclude summary judgment.

**II.  Factual Background**

By way of overview, Plaintiff asserts Parole Defendants improperly considered an inaccurate disciplinary report when they denied him parole in January 2017. *See* Docs. 10, 16. Specifically, Plaintiff asserts, his state and federal constitutional rights were violated when Parole Defendants denied him parole based upon an erroneous Alabama Department of Corrections ("ADOC") disciplinary report which charged Plaintiff for an inmate murder at BCF. *See* Doc. 16. Plaintiff asserts, he was wrongfully found guilty of the murder at an ADOC disciplinary hearing in 2015[1] (Doc. 16-1 at 2-5), and subsequently, Parole Defendants knowingly relied on false information in the 2015 disciplinary report when they denied Plaintiff's 2017 parole. *See generally*, Doc. 16.

Plaintiff's claims stem from the following facts, viewed in the light most favorable to Plaintiff:

Plaintiff is serving a 20-year sentence for robbery I, burglary III, theft of property II, and possession of marijuana. Doc. 26 at 1-2. On August 6, 2015, Plaintiff was charged with violating

---

[1] While Plaintiff's amended complaint also challenges the constitutionality of his 2015 disciplinary hearing, this Court, in its Order recommending granting Defendant Davenport's separate motion for summary judgment, reasoned Plaintiff's 2015 claims are barred by the applicable statute of limitations.

"Rule 901 – Homicide." Doc. 16-1 at 2. The disciplinary hearing for this offense was conducted on August 12, 2015. *Id*. at 3. At this hearing, the arresting officer testified as follows: "During the altercation between inmates Perkins and Curry, several inmates informed me that [Plaintiff] assisted with cornering inmate Curry. [Plaintiff] was identified as one of the inmates that held inmate Curry down while inmate Perkins stabbed inmate Curry. A further investigation conducted by ADOC I & I identified [Plaintiff] as being involved in the incident that caused inmate Curry's death." *Id*. Plaintiff testified that he was not present at the scene of inmate Curry's death. *Id*. Upon conclusion of this hearing and after reviewing all evidence presented, the disciplinary hearing officer found Plaintiff guilty of the charged offense, and on August 13, 2015, Defendant Davenport approved the disciplinary. *Id*. at 1-4.

Approximately 17 months later, on January 24, 2017, Parole Defendants denied Plaintiff's parole. Doc. 26-1. According to Defendant Head's Board action sheet, Plaintiff was denied parole for the following reasons: (1) Negative Institutional Conduct Record; (2) "ORAS" level is high risk of reoffending; (3) Severity of present offense is high; and (4) Release will depreciate seriousness of offense or promote disrespect for the law. Doc. 26-1 at 1. Pursuant to Defendant Cook's Board action sheet, Plaintiff was denied parole because: (1) Severity of present offense is high; and (2) Release will depreciate seriousness of offense or promote disrespect for the law. *Id*. Plaintiff's next parole hearing is scheduled for January 2022. *Id*.

Additional facts are set forth as necessary.

**III.   Discussion**

Plaintiff argues, he was wrongfully denied parole in 2017 because Parole Defendants relied, in part, on the 2015 disciplinary charging him with homicide, notwithstanding that inmate Perkins, not Plaintiff, was prosecuted for the death of inmate Curry. Doc. 10 at 6. Because inmate Perkins was prosecuted and not Plaintiff, Plaintiff asserts he should have his prison record expunged and that he is entitled to a parole hearing in which the Board does not consider the 2015 homicide disciplinary report. *Id*. Plaintiff argues he has a protected liberty interest in his parole, because, *inter alia*, Parole Defendants told Plaintiff's family, Plaintiff would have been granted parole, but for the homicide incident and, if later exonerated, Plaintiff would be granted parole. *See e.g.* Doc. 38 at 2.

Parole Defendants contend they are entitled to immunity in both their individual and official capacities, and, in any event, Plaintiff is not entitled to relief because they did not violate any of his constitutional rights. Doc. 26 at 6-7. Parole Defendants assert Plaintiff is not entitled to the relief he seeks because Alabama inmates have no liberty interest in parole that is protected by the Due Process Clause and further, even if the Board considered the homicide disciplinary when they denied his parole,

3

Plaintiff would still have been denied parole due to his numerous other disciplinaries. *Id*. at 7.[2]

Specifically, Parole Defendants list the following disciplinaries they considered when denying Plaintiff parole: (1) assault on an inmate; (2) insubordination; (3) violation of institutional rules; (4) possession of contraband; (5) failure to obey a direct order of an ADOC employee; (6) unauthorized possession of a phone; (7) insubordination; (8) violation of institutional rules; (9) intentionally creating a security, safety, or health hazard; (10) destroying, stealing, disposing, altering, damaging, or selling state property; (11) being in an unauthorized area; (12) conspiracy to commit a violation of rule(s); (13) under the influence of alcohol or narcotics; and (14) refusing to work. *Id*. at 7-8. Parole Defendants also deny Plaintiff's contention that they told Plaintiff's family that, but for the homicide disciplinary, Plaintiff would have been granted parole and further deny stating that if Plaintiff is later exonerated, he would be granted parole. *See* Docs. 36-1 at 2; 36-2 at 2. Finally, Parole Defendants assert, as to Plaintiff's various other constitutional violation claims regarding his disciplinary hearing and inmate record, "ADOC conducted the disciplinary hearing without involvement from the Board or any of its members[;]" "ADOC…solely maintains [Plaintiff's] inmate record[;]" and Parole Defendants have no "authority or ability to provide any relief, if warranted, regarding these claims." Doc. 26 at 9.

### A. Absolute Immunity

The capacity in which Plaintiff brings suit against Parole Defendants is not clear from the amended complaint. And while Plaintiff does not appear to seek monetary damages, to the extent he seeks to sue Parole Defendants in their official capacity, they are entitled to absolute immunity from monetary damages. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S. Ct. 1114, 1125 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

---

[2] In fact, as demonstrated from Defendant Cook's Board action sheet, he did not consider the homicide disciplinary in his decision to deny Plaintiff's parole. *See* Doc. 26-1 at 1; *see also* Doc. 29-2 at 2.

In light of the foregoing, it is clear that Parole Defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

### B. Plaintiff's Parole Hearing

"In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979), the Supreme Court held that the Constitution does not confer a liberty interest in parole. The Court also determined, however, that states may confer such a liberty interest in parole under state law." *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991) (citing *Greenholtz*, 442 U.S. at 12). "When a state statute, practice, or regulation provides for an expectancy of parole and limits official discretion to deny parole, then a liberty interest in parole is created." *Id*. (citing *Greenholtz*, 442 U.S. at 12). Applying Supreme Court precedent, the Eleventh Circuit maintains that "the Alabama parole statute, Ala. Code § 15–22–26 ([2019]), does not confer a liberty interest in parole that is protected by the Due Process Clause because the statute provides that parole may be granted at the Board's discretion." *Id*. (citing *Thomas v. Sellers,* 691 F.2d 487, 488-89 (11th Cir. 1982)) (per curiam).

The Eleventh Circuit further explained, "that federal courts should not interfere with the discretionary decisions of the Board 'absent flagrant or unauthorized action' by the Board." *Id*. (quoting *Thomas*, 691 F.2d at 489). The Court has "also held that the classification scheme adopted by the Alabama prison system to determine the custody status of prisoners 'is not arbitrary and capricious, but reasonable and appropriate.'" *Id*. (quoting *Hendking v. Smith,* 781 F.2d 850, 852 (11th Cir. 1986)) (holding that regulation denying sex offenders minimum security status does not violate the Equal Protection Clause). "[T]he classification system used by the Alabama prison system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if 'the regulation is administered maliciously or in bad faith.'" *Id*. (quoting *Hendking*, 781 F.2d ay 852; *see also Francis v. Fox,* 838 F.2d 1147, 1149-50 (11th Cir. 1988)) (holding that Alabama statute governing the prisoner work-release program does not confer a liberty interest because it is discretionary).

The Eleventh Circuit in *Monroe* recognized an exception, however, to the general rule that there is no liberty interest in parole or a due process interest in parole procedures unless the state creates the expectancy of parole or limits official discretion to deny parole. The Court held that the state parole board acted "arbitrarily and capriciously" in violation of due process when it knowingly relied on false information in the prisoner's file. *Id.* at 1442. As noted above, the Court emphasized, though, that

5

"federal courts should not interfere with the discretionary decisions of [a state parole] [b]oard 'absent flagrant or unauthorized action' by the [b]oard." *Id.* at 1441 (quoting *Thomas,* 691 F.2d at 489).

As set forth *supra*, Plaintiff argues that Parole Defendants erred in relying on the homicide disciplinary when they denied him parole. A liberal reading of Plaintiff's allegations suggests Plaintiff also asserts Parole Defendants relied on the disciplinary, knowing it was false. Plaintiff further maintains that he has a protected liberty interest in his parole because, *inter alia*, "the Parole Board specifically told his family members that the Board would have granted parole if it had not been for the homicide Incident." Doc. 32 at 3. In further support of his argument, Plaintiff asserts the Parole Board told his family "if the homicide charge is dropped or exonerated that the Board will grant parole release." *Id*.

Nonetheless, Parole Defendants deny relying on or using false information when deciding whether to grant Plaintiff parole and further contend, even without consideration of the homicide disciplinary, they would still have denied Plaintiff parole. Parole Defendants deny telling Plaintiff's family that Plaintiff would have been granted parole absent the homicide disciplinary and further deny asserting to the family that Plaintiff would be granted parole if exonerated from the homicide charge.

Even assuming Plaintiff could show that Parole Defendants relied, in part, on the alleged erroneous homicide disciplinary at his 2017 parole hearing, he has presented no evidence that Parole Defendants knowingly relied on any false information when making the parole decision in his case. Not only does the Board have a duty to consider in good faith all relevant information in an inmate's parole file, including Plaintiff's disciplinary history, when making parole decisions, but also a duty of personally studying an inmate to determine their fitness for parole. *See* Doc. 26 at 7-8, Doc. 26-1 at 1, Doc. 26-2, Doc. 26-3. Absent a demonstration that Parole Defendants engaged in any flagrant unauthorized action such as knowingly relying on false information to deny Plaintiff parole, he has not shown a constitutional violation.

Finally, as noted by Parole Defendants, Plaintiff asserts numerous constitutional violations regarding his 2015 disciplinary hearing. *See* Docs. 10, 16. In the Court's separate order, addressing Defendant Davenport's motion for summary judgment, the Court recommended granting Defendant Davenport's motion because Plaintiff's 2015 claims relating to the homicide disciplinary are barred by the statute of limitations. After review of Plaintiff's numerous pleadings in this case, nowhere does he refute Parole Defendants' contention that they lack authority to expunge the disciplinary from his record. Parole Defendants are, therefore, due to be granted summary judgment on Plaintiff's claims.

### IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment on behalf of Defendants Head and Cook (Doc. 26) be GRANTED.

It is further

ORDERED that on or before **December 16, 2021,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of December 2021.

/s/ Charles S. Coody
CHARLES S. COODY,
UNITED STATES MAGISTRATE JUDGE